IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JIM DAVID WAGONER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 7:15cv570 |
| v. ) | |
| ) | |
| LEWIS GALE MEDICAL CENTER, LLC, ) | By: Hon. Robert S. Ballou |
| ET AL., ) | United States Magistrate Judge |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, Jim David Wagoner ("Wagoner") seeks to compel defendant Lewis Gale Medical Center, LLC ("Lewis Gale") to conduct a search of its computer systems for certain electronically stored information ("ESI").[1] Lewis Gale objects because of the "difficulty and unreasonable expense in performing plaintiff's requested searches." Alternatively, Lewis Gale asks that Wagoner pay for the related costs of conducting this search. The motion to compel is **GRANTED.**

### I.    Background

Wagoner worked as a security guard for Lewis Gale from April 4, 2014 until he was terminated on June 12, 2014. He worked approximately 16 hours per week and earned $12.49 per hour. Compl. ¶¶ 3, 13, Dkt. No. 1. He filed suit against Lewis Gale on October 23, 2015, alleging that he suffered from dyslexia and that Lewis Gale wrongfully terminated his employment in violation of the Americans with Disabilities Act ("ADA"). Wagoner asserts claims related to discrimination, retaliation, and failure to accommodate in violation of the ADA.

---

[1] Plaintiff indicated that the other issues outlined in his motion to compel had resolved prior to the hearing.

Wagoner propounded requests for production of documents to Lewis Gale seeking production of ESI maintained by two custodians, Frank Caballos and Bobby Baker, who were Wagoner's supervisors. Wagoner limited the dates for any ESI search to only four months and requested the following search terms:

> Jim OR Wagoner AND dyslexia OR dyslexic OR read OR reading OR slow OR ADA OR disabled OR disability OR security OR schedule OR copy OR copying.

Dkt. No. 15–2; Dkt. No. 17 at 2. Lewis Gale conceded that it does not have the capability to perform this global search and obtained an estimate of $21,570 from a third-party vendor to collect the requested ESI, with an additional $24,000 estimated to review the documents retrieved. The ESI search would involve seven computers that the two custodians had access to and an exchange server located in Tennessee.[2] Lewis Gale argues that the discovery plaintiff seeks is not proportional because Wagoner only worked for two months as a security guard, and his potential damages are less than the cost to perform the ESI search. Lewis Gale further asserts that it has produced considerable ESI in the form of "e-mails gathered manually from the computers of key custodians."[3] D's Br. at 3, 5, Dkt. No. 17.

## II. Analysis

### A. Relevance

Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed.R.Civ.P. 26(b). Thus, as a threshold matter, I must determine whether Wagoner's discovery requests are relevant under Rule 26.

---

[2] At the hearing, counsel for Lewis Gale explained that the exchange server contains approximately 30,000 e-mails captured in response to the litigation hold.

[3] According to defense counsel, the custodians were asked to gather their own e-mails from the computers.

Wagoner contends that his dyslexia caused him to have difficulty reading and copying his posted work schedule, that Lewis Gale denied his request for a written copy of the schedule, and that his termination violated the ADA. Compl. ¶¶ 21–23. E-mails or other memoranda written by Wagoner's supervisors, Frank Caballos and Bobby Baker, between April and July 2014 and containing the search terms listed above are relevant to Wagoner's claim. Indeed, Lewis Gale largely conceded at the hearing that Wagoner's request was relevant, arguing only that the keyword searches were too broad. Accordingly, I find that Wagoner's requested ESI search is relevant to the claims and defenses asserted in this case. Admittedly, Lewis Gale has produced e-mail and other documents maintained by Caballos and Baker, but the scope of the computer search by Lewis Gale has been limited to these individuals' search of their own information for discoverable items.[4] Lewis Gale has provided no information showing that this search effort would yield deleted or archived ESI which may be available through a keyword search across the relevant electronic formats.

### B. Reasonable Accessibility

Lewis Gale argues that the discovery in this case should not be permitted because is not proportional, considering the high cost of performing the ESI search compared to Wagoner's limited potential recovery. Lewis Gale further states that, if the court does order it to obtain the requested discovery, the court should shift the cost of the ESI search to Wagoner. Relevant ESI may still not be discoverable under Rule 26 if the party can show that the information is "not reasonably accessible because of undue burden or cost."

> A party need not provide discovery of electronically stored information ["ESI"] from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery . . . the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.

---

[4] Further, it appears that Baker's computer was not searched. See June 27, 2016 Letter, Dkt. No. 20.

Fed.R.Civ.P. 26(b)(2)(B).[5] The court may also "specify conditions for the discovery which may include cost sharing. Id.; See also 2006 Advisory Committee Notes to FRCP 26(b). Here I find that Lewis Gale has not shown that the burdens and costs of obtaining the ESI discovery makes the requested information not reasonably accessible, nor has Lewis Gale shown that the requested ESI discovery is not proportional.

Lewis Gale claims that the fact that it cannot perform the requested ESI search in-house, and must contract with a third party vendor at significant cost, requires the court to find that the information is not reasonably accessible. Lewis relies upon the declarations of Karyn Hayes, Systems Manager for HCA Management Services, which provides computer systems services to Lewis Gale, and of Austin Maddox, Senior Litigation Technology Consultant for Document Solutions, Inc., the third-party vendor that provided an estimate to Lewis Gale for performing the ESI search. Ms. Hayes indicated that there were approximately 30,598 e-mails archived in the exchange server for RJ Redstrom and Lee Hubert, but no emails archived for Bobby Baker or Frankie Ceballos.[6] Dkt. 17-4, at ¶ 6. She further stated that a third-party vendor would be required to perform the ESI search on seven computers located at Lewis Gale, and the "computers would require forensic extraction of data, data processing, data hosting, project management, production, and review" with an estimated cost of $45,570.00. Id. at ¶ 8. Mr. Maddox indicated that Wagoner's ESI request would involve:

> the remote collection of at least seven laptops and email archive data. The data would be processed and loaded into a Catalyst Repository Systems web-hosted review platform. Once the data has been loaded to Catalyst, the [Document Solutions, Inc.] Client Services team

---

[5] If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).

[6] Counsel for Lewis Gale indicated during the hearing that Redstrom and Hubert are Human Resources employees for Lewis Gale.

4

would work with the hospital to cull data through objective filters (date range, email domain, file type, etc.) to identify and promote documents for review by counsel.

Dkt. 17-5, ¶ 5. Mr. Maddox further estimated that, "Reasonable parameters and metrics suggest that after search terms and date filters have been applied, approximately five gigabytes of data consisting of an estimated 3500 documents per gigabyte would need to be reviewed at an estimated 292 hours of expended time, which would cost approximately $24,000."[7] Id. at ¶ 7.

Whether production of documents is unduly burdensome or expensive turns primarily on whether the data is kept in an accessible or inaccessible format. Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 318 (S.D.N.Y. 2003). In Zubulake, the court explains the distinction between accessible and inaccessible data, as follows:

> Information deemed 'accessible' is stored in readily usable format. Although the time it takes to actually access the data ranges from milliseconds to days, the data does not need to be restored or otherwise manipulated to be usable. "Inaccessible" data, on the other hand is not readily usable. Backup tapes must be restored . . . fragmented data must be de-fragmented, and erased data must be reconstructed.

Id. at 319. Lewis Gale has not carried its burden to show that the data on the seven computers or exchange server is inaccessible, i.e. must be restored, de-fragmented, or reconstructed. Instead, Lewis Gale has stated that it is not capable of performing the ESI searches requested by plaintiff in-house, and would be required to contract with an expensive outside vendor.[8]

---

[7] While Lewis Gale indicated that a large amount of data would likely be produced by the requested ESI search, it failed to provide any information regarding how a more targeted search, modifying the search terms, custodians, and/or dates requested by Wagoner could reduce the ESI cost estimates.

[8] Lewis Gale proffered only one estimate, for $45,570.00, from Document Solutions, Inc. The estimate assumes that two custodians, in a four month timeframe, wrote approximately 17,500 documents containing the search terms specified, which seems exceedingly high. See Spieker v. Quest Cherokee, LLC, No. 07-1225-EFM, 2009 WL 2168892, at *3 (D. Kan. July 21, 2009) (noting that there are "multiple approaches to electronic discovery and alternatives for reducing costs and it appears that defendant asserts the highest estimates possible merely to support its argument that electronic discovery is unduly burdensome" and concluding "defendant's estimate of the cost to conduct a 'privilege and relevance' review is greatly exaggerated.").

5

Moreover, it is difficult to conclude that the ESI sought is not proportional or "not reasonable accessible" due to undue burden and expense because Lewis Gale apparently chose to use a system that did not automatically preserve e-mails for more than three days, and did not preserve e-mails in an readily searchable format, making it costly to produce relevant e-mails when faced with a lawsuit. See AAB Joint Venture v. United States, 75 Fed. Cl. 432, 443 (2007) (noting "the Court cannot relieve Defendant of its duty to produce those documents merely because Defendant has chosen a means to preserve the evidence which makes ultimate production of relevant documents expensive."); see also Starbucks Corp. v. ADT Sec. Servs., Inc., No. 08-CV-900-JCC, 2009 WL 4730798, at *6 (W.D. Wash. Apr. 30, 2009).

Proportionality consists of more than whether the particular discovery method is expensive. Here, Lewis Gale advances no other reasonable alternative to obtain the requested information. Lewis Gale simply proposes to have the very person who may have authored relevant documents search their computer for responsive information. No insurance exists that this search method would yield any ESI deleted prior to the search. Employment discovery presents particular challenges to the employees where most, and sometimes all, relevant discovery is in the control of the employer. Here, in light of the limited request, restricted by custodian, search terms, and time period, I find the request proportional to the needs of the case.

Finally, because I find that the ESI sought is reasonably accessible without undue burden or expense, cost-shifting is not appropriate. See Zubulake, 217 F.R.D. at 318 (finding that "cost-shifting should be considered *only* when electronic discovery imposes an 'undue burden or expense' on the responding party."); Nogle v. Beach St. Corp. No. 2:10–cv–01092–KJD–GWF, 2012 WL 3687570, at *8 (D.Nev. Aug. 27, 2012) (explaining that the court "should only consider shifting the cost of production . . . when the requested information is not reasonably

6

accessible . . ."); Adkins v. EQT Prod. Co., No. 1:10CV00041, 2012 WL 5465491, at *3 (W.D. Va. May 31, 2012), objections overruled sub nom. Adair v. EQT Prod. Co., No. 1:10CV00037, 2012 WL 2526982 (W.D. Va. June 29, 2012) (noting that some courts have "held that cost-shifting is only available when the information sought is relatively inaccessible, and this inaccessibility is the cause of the undue burden or cost to the producing party."). Accordingly, I will not shift the cost of discovery, and the general rule that the party responding to a discovery request bears the cost will apply. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978).

### III. Conclusion

Accordingly, Wagoner's motion to compel (Dkt. No. 14) is **GRANTED** to the extent that Lewis Gale shall perform, at its expense, the ESI search requested by plaintiff with key custodians, Frank Caballos and Bobby Baker, a date range from April 2014 through July 2014, and the following list of search terms:

> Jim OR Wagoner AND dyslexia OR dyslexic OR read OR reading OR slow OR ADA OR disabled OR disability OR security OR schedule OR copy OR copying.

It is so **ORDERED.**

Entered: July 13, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

7